UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHRISTIE GARDNER**, on
behalf of herself and all employees
similarly situated,

    Plaintiff,

vs.                                        CASE NO:

**SANDESTIN BEACH HOTEL, LTD.
d/b/a SANDESTIN GOLF
& BEACH RESORT**

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT
## FOR UNPAID OVERTIME

Plaintiff, CHRISTIE GARDNER ("Plaintiff"), by and through undersigned counsel, on behalf of herself and all employees similarly situated, hereby sues Defendant, SANDESTIN BEACH HOTEL, LTD. (d/b/a SANDESTIN GOLF AND BEACH RESORT), a Florida limited partnership ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This action is to recover from Defendant unpaid overtime wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA").

2. This Court has jurisdiction under 29 U.S.C. § 216 and 28 U.S.C. § 1331.

1

3. Plaintiff is a resident of Okaloosa County, Florida, within the jurisdiction of this Court and worked for Defendant in Walton County, Florida.

4. The Defendant was at all times material hereto providing lodging, food, beverages and recreational services to customers within the jurisdiction of the District Court of the Northern District of Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

5. This action is brought by Plaintiff and other similarly situated employees to recover from Defendant unpaid overtime wages, unpaid wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. Plaintiff Gardner's redacted "Opt-In Form" is attached to this complaint as Exhibit #1.

5. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000.00 per annum. In addition, Defendant purchases supplies and equipment from without the State of Florida. These purchases include clothing to be sold in shops; wine, spirits and beer to be sold in their bars and restaurants; food to be served in restaurants; and vehicles to transport guests and employees. Defendant also engages in interstate marketing to attract customers from outside Florida. Payment is received from customers using credit cards from outside of Florida, and these transactions are processed by national and international banking institutions.

6. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, a Florida Limited Partnership and enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

7. The Defendant is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly involved in decisions affecting employee compensation and hours worked by Plaintiff and other similarly situated employees.

8. Plaintiff and those similarly situated are "employees" of Defendant.

9. Plaintiff, and those similarly situated, worked as bartenders and servers for Defendant. They were paid in a variety of ways for their work, including the following:

   a. **Regular Hourly Pay** – Payment at the prevailing Florida Minimum Wage for work which did not generate sufficient tips from customers to allow for the Defendant to take a "tip credit."

   b. **Regular Hourly Pay When Receiving Tips** – Payment at the prevailing Florida Minimum Wage minus a $3.02 "tip credit" for work performed when sufficient tips were received from customers to allow Defendant to take a "tip credit."

   c. **Overtime Hourly Pay** – Payment made at one and one-half the prevailing Florida Minimum Wage, minus a $3.02 tip-credit, multiplied by 1.5.

        Overtime Hourly Pay was tendered for hours worked in excess of forty (40) hours in a work week.

    d.    **"Gratuity"** – A fixed percentage amount of money added to a customer's food or beverage bill and then paid to the server or bartender. The Gratuity is a percentage of the customer's bill for food or beverages.

    e.    **Tips** – An amount of money paid by a customer to a server or bartender.

    f.    **Referral Program Bonus** – A non-discretionary bonus paid to employees for recruiting individuals to become employees of Defendants or for starting work for Defendant.

10.    Defendant calculated overtime hourly pay of Plaintiff and similarly situated employees by taking the prevailing Florida Minimum Wage ($10.00 per hour), subtracting a $3.02 "tip credit," and then multiplying that difference by 1.5 to derive an overtime hourly pay rate $10.47.

11.    Defendant failed to use the proper lawful method to determine the overtime hourly pay, to wit: multiply the prevailing Florida Minimum Wage ($10.00 per hour); multiply by 1.5 to yield a product of $15.00 per hour; *then* subtract the $3.02 "tip-credit, which yields an overtime hourly rate of $11.98.

12.    Defendant also paid to Plaintiff and those similarly situated "gratuity" pay and non-discretionary bonuses for recruitment of new employees. These non-tipped

elements of compensation are wages under FLSA. Defendant was required to include in the regular rate for calculating overtime calculation, but did not.

13. The Plaintiff has been required to retain the undersigned lawyers to represent her and has incurred attorneys' fees and costs in bringing this action.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff, on behalf of herself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

15. Plaintiff files this action on behalf of herself and all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiff's signed consent forms are attached as Exhibit A.

16. The employees similarly situated and members of the Putative Class are:

> All persons who are, have been or will be employed by Defendants as bartenders and servers (or other similarly titled positions) at any time from three years prior to the filing of this Complaint through the entry of judgment.

17. Plaintiff and similarly situated employees worked or work in excess of forty (40) hours during workweeks within the applicable statutory period.

18. Defendant did not pay Plaintiff and similarly situated employees at the lawful overtime rate for hours for which it maintained records and did not pay them at the overtime rate for overtime hours worked off-the-clock for which it failed to maintain accurate records.

19. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, incorrectly calculating the overtime rate for hours work for which it maintained records and failing to pay overtime compensation for hours worked off-the-clock for which it failed to maintain accurate records.

20. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

21. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated employees. Accordingly, notice should be sent to the FLSA Collective Class members. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**COUNT I:**
**UNPAID OVERTIME WAGES FOR UNLAWFUL**
**CALCUATION OF THE APPLICABLE OVERTIME RATE**
**AND UNDERPAYMENT OF OVERTIME**

22. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 21 above.

23. Within the three-year period preceding the filing of this Complaint, Plaintiff and similarly situated employees were paid overtime hourly pay at an

incorrect unlawful rate which resulted in an underpayment of overtime wages due under the FLSA.

24. Defendant's unlawful calculation of the overtime rate and resulting underpayment of overtime to Plaintiff and those similarly situated violated the FLSA, including but not limited to §§ 203, 207 and 216 and the relevant implementing regulations.

25. As a consequence of Defendant's violation of the FLSA, Plaintiff and those similarly situated, were underpaid for overtime hours worked by them for which they seek compensation, as well as liquidated damages in an amount equal to the underpaid overtime.

26. The foregoing acts and omissions of the Defendant constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew, or showed reckless disregard, of the fact that its compensation practices were in violation of the FLSA.

## COUNT II:
## UNPAID OVERTIME WAGES FOR OFF-THE-CLOCK WORK

27. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 21 above.

28. Within the three-year period preceding the filing of this Complaint, Defendant suffered and permitted Plaintiff and similarly situated employees to work

off-the-clock overtime hours for which they were not paid overtime calculated at the lawful rate described hereinabove.

29. Defendant used an electronic "sign-in/sign-out" system where employee work hours, including the Plaintiff and those similarly situated, were automatically registered in a database.

30. During the work shift, Defendant automatically deducted from the time records of Plaintiff and those similarly situated a thirty (30) minute break if they worked a "full shift" (typically more than eight (8) hours).

31. Plaintiff and those similarly situated were not always completely relieved from duty during these "breaks." They regularly had to continue working during the "break" if there were not a sufficient number of co-workers available to serve the guests.

32. This practice violates the overtime provision of the FLSA.

33. As a direct result of this unlawful practice, Plaintiff and those similarly situated were required to work "off-the-clock" hours on multiple work-weeks during their employment for which work hours they were not paid at the lawful overtime rate.

34. Defendant failed to keep accurate time records of all the hours worked by Plaintiff and those similarly situated in violation of 29 CFR §516 because the time automatically deducted during a work shift was not corrected when the Plaintiff, or those similarly situated, was directed to continue to work during the "break."

35. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and those similarly situated, Defendant have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

36. Defendant remains owing Plaintiff and similarly situated employees these unpaid overtime wages and Plaintiff and similarly situated employees are entitled to recover liquidated damages in amount equal to the unpaid overtime.

37. The foregoing acts and omissions of the Defendant constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew, or showed reckless disregard, of the fact that its compensation practices were in violation of the FLSA.

38. **WHEREFORE**, Plaintiff and similarly situated employees demand judgment against the Defendant for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiff and similarly situated employees were not properly compensated, liquidated damages in an amount equal to the unpaid overtime, reasonable attorneys' fees and costs of suit, and all other appropriate relief including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

39. Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable.

                                                    s/Sean Culliton
Sean Culliton, Esq.
FBN: 0986232
Sean Culliton, Esq., LLC
285 John Knox Road
Tallahassee, FL 32303
Phone: (850)385-9455
Facsimile: (813)441.1999
E-mail: sean@seancullitonlaw.com

s/ John C. Davis
JOHN C. DAVIS
FBN: 827770
Law Office of John C. Davis
531 Crane Blvd.
Los Angeles, CA 90065
Phone: (850) 556-0183
Email: john.davis623@gmail.com

s/Ryan B. Hobbs
Ryan B. Hobbs
FBN: 44179
Perry & Young, P.A.
219 E Virginia St
Tallahassee, FL 32301-1263
Phone: (850) 482-7777
Email: rhobbs@perry-young.com